UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRENDA JOYCE REED, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:07CV00525 RWS |
| SOUTHWESTERN BELL, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendant Southwestern Bell's Motion for Partial Dismissal [#8]. Southwestern Bell moves for partial dismissal of Plaintiff Brenda Reed's Title VII and retaliation claims for failure to state a claim upon which relief can be granted. Because I find that Reed has failed to state a claim under Title VIII or for retaliation, I will grant this motion.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

*Analysis*

### Title VII Claims

One of Reed's claims is based upon alleged violations of Title VII, 42 U.S.C. Sec. 2000e et seq. Title VII makes it unlawful to discriminate against an employee on the basis of race,

color, religion, sex, or national origin. In order to state a claim under Title VII, an employee must first file an EEOC charge within 180 days of the last act of discrimination, setting forth the nature of the discrimination. 42 U.S.C. Sec. 2000e-5(e). Exhaustion of administrative remedies is essential because it provides the EEOC the first opportunity to investigate discriminatory practices and fulfill its roles of obtaining voluntary compliance and promoting conciliatory efforts. Shannon v. Ford Motor Co., 72 F.3d. 678, 684 (8th Cir. 1996); Williams v. Little Rock Municipal Water Works, 21 F.3d. 218, 222 (8th Cir. 1994).

Under federal law, a plaintiff has exhausted his or her administrative remedies if "the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." Boge v. Ringland-Johnson-Crowley Co., 976 F.2d. 448, 451 (8th Cir. 1992); Anderson v. Block, 807 F.2d. 145, 148 (8th Cir. 1986). Claims may be considered "like or reasonably related" when they "could reasonably be expected to grow out of the charge of discrimination." Cobb v. Stringer, 850 F.2d. 356, 359 (8th Cir. 1988). Although an EEOC charge is to be liberally construed, "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Williams v. Little Rock Municipal Water Works, 21 F.3d. 218, 223 (8th Cir. 1994); Shannon v. Ford Motor Co., 72 F.3d. 678, 685 (8th Cir. 1996).

In Reed's EEOC charge, the boxes for race, color, religion, sex, and national origin were left blank. Therefore, Reed is not making a claim for discrimination based upon any of those classifications. There is also nothing in the body of the EEOC charge suggesting that Reed is

making a claim for discrimination based upon race, color, religion, sex, or national origin. The only boxes checked on the EEOC charge are age, disability, and retaliation.

Title VII does not recognize a claim for age discrimination. <u>Smythe v. Potter</u>, 2006 U.S. Dist. LEXIS 74088 (Oct. 11, 2006); <u>Carlisle v. Missouri Department of Mental Health</u>, 2006 U.S. Dist. LEXIS 69909 (E.D. Mo. Sept. 27, 2006)(where plaintiff checked boxes in EEOC charge for age and race discrimination, but not sex discrimination, sex discrimination charge was dismissed for failure to exhaust, and age discrimination charge was dismissed because Title VII does not recognize a claim for age discrimination). In any event, Reed's claim for age discrimination is still preserved because she has made a claim for age discrimination under the ADEA. Title VII also does not recognize a claim for disability discrimination. <u>Smythe v. Potter</u>, 2006 U.S. Dist. LEXIS 74088 (Oct. 11, 2006). In any event, Reed's claims for disability discrimination is preserved because she has made a claim for disability discrimination under the ADA.

Accordingly, because Reed did not make a claim with the EEOC for discrimination based upon any of the classifications protected by Title VII, I will dismiss her Title VII claim for failure to state a claim under Rule 12(b)(6).

**<u>Retaliation Claims</u>**

*Retaliation for Exercising Rights Under the FMLA*

Reed's claims, as set forth in her handwritten pro se Complaint, are based upon Title VII, the ADEA, and the ADA. The boxes for all three of these statutes are checked. There is also a fourth claim for retaliation listed under "Other." Reed writes, "The defendants retaliated against me because I filed EEO and EEOC [sic] also I filed complaint against Administrator with Department of Labor, Ms. Monica Smith."

The complaint with the Department of Labor is set forth in Paragraphs II.1 and III.1 of Reed's EEOC charge, which is attached to the Complaint. There, Reed alleges that she had requested FMLA time from the employer to deal with her medical situation and "ultimately went over the Respondent's head to be approved for leave…. I therefore went over the Respondent's head filing a charge with the Department of Labor to receive time off under FMLA. Respondent was informed they were wrong, and had to grant me the necessary time off under FMLA." In paragraphs II.2, II.3, III.2, and III.3 of her EEOC charge, Reed alleges that as a result of filing an FMLA grievance with the Department of Labor, she suffered adverse employment action. Therefore, Reed is making a claim that she was retaliated against for exercising her rights under the FMLA.

29 U.S.C. § 2615 makes it unlawful for an employer to retaliate against an employee for exercising, or attempting to exercise, rights under the FMLA. Reed, however, brings no claim under 29 U.S.C. § 2615. Indeed, even if the *pro se* Complaint were construed to be a claim under the FMLA, such a claim would be time-barred under 29 U.S.C. §§ 2617(c)(1) and (c)(2), as it has been longer than three years from the date of the last act constituting an alleged violation of the FMLA.[1] To the extent that Reed has a retaliation claim for exercising rights under the FMLA, it must rest within the only statutes pleaded, namely Title VII, the ADEA, or the ADA.

There is no right to recover under Title VII, the ADEA, or the ADA for adverse actions taken against an employee for exercising rights under the FMLA. Title VII only protects claimants who have suffered adverse employment action as a result of exercising their rights *under Title VII*, not the FMLA. See 42 U.S.C. Sec. 2000e-3 (unlawful to discriminate against

---

[1] According to the EEOC charge, the last act constituting an alleged violation of the FMLA occurred in 2002.

any individual because he has opposed any practice made an unlawful employment practice "by this subchapter" or participated in an investigation, proceeding or hearing "under this subchapter"). The ADEA similarly only protects claimants who have suffered adverse employment action as a result of exercising their rights *under the ADEA*, not the FMLA. See 29 U.S.C. Sec. 623(d) (unlawful to discriminate against any individual who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation "under this chapter."[2] The ADA similarly only protects claimants who have suffered adverse employment action as a result of exercising their rights *under the ADA*, not the FMLA. See 42 U.S.C. Sec. 12203(a)(unlawful to discriminate against any individual because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing "under this chapter").

Accordingly, I will dismiss Reed's claims relating to retaliation for exercising rights under the FMLA for failure to state a claim.

*Retaliation for Exercising Rights under Title VII*

In the "Other" section of her Complaint, Reed also alleges the "defendants retaliated against me because I filed EEO and EEOC…." Reed appears to be making a retaliation claim under 42 U.S.C. 2000e-3 for exercising rights under Title VII. Although that section is not pleaded, I will assume that is the Section under which plaintiff is proceeding.

In Paragraph 12 of the Complaint, Reed was asked to state the "essential facts of your claim." Nowhere in that paragraph does Reed mention anything about Defendant

---

[2] The ADEA is Chapter 14 of Title 29; the FMLA is Chapter 29 of Title 29.

retaliating against her for exercising her rights under Title VII. The only "EEOC action" referenced is the EEOC charge of discrimination which was filed on October 5, 2002, long after her discharge on June 28, 2002. Her EEOC charge is similarly devoid of any reference to any action taken by Reed under Title VII for which she was retaliated.

Although *pro se* pleadings must be viewed liberally, such pleadings may not be merely conclusory; the complaint must allege facts, which if true, state a claim as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1285 (8th Cir. 1980). "There is a difference between liberally reading a claim which lacks specificity. . . and inventing, *ex nihilo*, a claim which was simply not made." Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996). To state a claim for discrimination on any basis under Title VII, a plaintiff need not state the elements of a *prima facie* case under the standard set forth in McDonnell Douglas v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). However, a plaintiff's complaint must contain the essential elements required to state a claim. Id. at 511.

Even under the liberal notice pleading standards in federal court, this Complaint fails to state any facts giving rise to a claim of retaliation for exercising rights guaranteed by Title VII. See also Breeden v. Enterprise Leasing Co., 1995 U.S. Dist. LEXIS 21447, (E.D. Mo. Dec. 28, 1995) (dismissing complaint because it failed to "assert any facts concerning the alleged acts which constituted discrimination, the occasions on which the acts occurred, and the injury, if any, which plaintiff suffered as a result."). If Reed was already fired for some three months at the time she filed her EEOC charge, there could not logically be any adverse employment action taken after the EEOC filing because Reed was no longer an employee.

Because Reed has not alleged sufficient facts to state a claim under 42 U.S.C. Sec. 2000e-3 for Title VII retaliation, I will dismiss that claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Dismissal [#8] is **GRANTED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2007.